UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6062-CR-FERGUSON

UNITED STATES OF AMERICA,

    Plaintiff,

vs

JANET MADURO POLANCO,

    Defendant.
_____/

### EMERGENCY UNOPPOSED MOTION TO SET CASE
### FOR STATUS CONFERENCE OR SENTENCING

COMES NOW the Defendant, JANET MADURO POLANCO, by and through her undersigned counsel and hereby files this Unopposed Motion to Set this Case for Status Conference or Sentencing prior to July 20, 2001, and as grounds in support thereof would state as follows:

1. The Defendant, JANET MADURO POLANCO, appeared before this Court for sentencing on December 15, 2000, and at that time the Court reserved jurisdiction on the Government's 5K1.1 Motion so that Ms. Polanco could complete her cooperation. Additionally, the Court deferred the hearing on the Government's U.S.S.G. 5K1.1 Motion to Reduce Sentence until July 21, 2001 at 9:00 A.M. Unfortunately, July 21, 2001 is a Saturday, and that date was a clerical



error. Further, the Court indicated the Defendant should surrender before 2:00 P.M. on that same day, July 21, 2001. (See Judgment and Commitment Order attached hereto marked Exhibit "A").

2. The prosecutor in this case, Robin Rosenbaum, was on maternity leave and returned to the office today, Monday, July 16, 2001, and advised undersigned counsel that Ms. Polanco's cooperation is now ripe to be heard and further reminded undersigned counsel that this Court advised that it would set this case for July 21, 2001, which falls on a Saturday.

3. The Defendant, JANET MADURO POLANCO, received a sentence of one year and one day for the crime of making a false statement on a loan application, and it may be that after the hearing on the substantial assistance motion, where the government has agreed to recommend a one-third reduction, that the Defendant receive a sentence of time served followed by probation or house arrest due to being in either Zone B or Zone C. Additionally, the Defendant has already served over 60 days in prison on this case due to the fact that she did not post her bond until serving that amount of time. Finally, the Bureau of Prisons sent Ms. Polanco a Notice to Surrender to FCI, Danbury, Connecticut on Friday, July 20, 2001, one day prior to this Court's order.

4. Undersigned counsel has spoken with opposing counsel, Assistant United States Attorney Robin Rosenbaum, who joins in this motion and whose notes also

reflect that the Court had set this matter for July 21, 2001 which unfortunately is a Saturday and one day after the Defendant's surrender date in Danbury, Connecticut. Finally, if the Defendant has to surrender in Danbury, Connecticut on July 20, 2001, she will be unavailable for the hearing on this matter in Fort Lauderdale, and will end up serving more than her reduced Zone B or C guideline sentence.

WHEREFORE, based upon the foregoing, the Defendant respectfully prays this Honorable Court set this matter for sentencing prior to July 20, 2001 so that the Defendant does not have to surrender in Danbury, Connecticut since July 21, 2001 is a Saturday, and it may be that she has already served her sentence, and would further be unavailable for the hearing which the Court indicated would be set prior to the surrender date at the time of her original sentencing.

                                              Respectfully submitted,

                                              McKENNA & OBRONT
Attorneys for Defendant
Florida Bar No. 402494
2940 First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Phone: (305) 373-1040
Fax:    (305) 373-2040

By: _____
      CURT OBRONT, ESQ.

3

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was faxed/mailed this 16th day of July, 2001 to Robin Rosenbaum, Assistant United States Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, Florida 33301.

_____
CURT OBRONT, ESQ.

# United States District Court

## Southern District of Florida

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| JANET M. POLANCO, (J) 80239-038 | Case Number: 0:00CR06062-001 |
| | Robin Rosenbaum, AUSA / Curt Obront, Esq |

**THE DEFENDANT:**

Defendant's Attorney

☒ pleaded guilty to count(s) __One of a Five Count Indictment__

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1014 | Making a false statement on a loan application | 01/22/1998 | 1 |

FILED by _____ D.C.
DEC 31 2000
CLARENCE MADDOX

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ The defendant has been found not guilty on count(s) _____ N/A

☒ Count(s) __All Others__ are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| Defendant's Soc. Sec. No.: | 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 | 12/15/2000 |
|---|---|---|
| Defendant's Date of Birth: | 02/06/1967 | Date of Imposition of Judgment |
| Defendant's USM No.: | 80239-038 | |
| Defendant's Residence Address: | | *(signature)* |
| 9150 S.W. 78th Street | | Signature of Judicial Officer |
| Miami FL 33173 | | WILKIE D. FERGUSON, JR., UNITED STATES DISTRICT COURT |
| Defendant's Mailing Address: | | Name & Title of Judicial Officer |
| 9150 S.W. 78th Street | | 12/31/00 |
| Miami FL 33173 | | Date |

EX "A"

DEFENDANT:     JANET M. POLANCO, (J) 80239-038
CASE NUMBER:   0:00CR06062-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of _____ **a year and a day**.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ a.m./p.m. on _____.

    ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☒ before 2 p.m. on _____ 07/21/2001 _____.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

_____, with a certified copy of this judgment.

 

UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

DEFENDANT: **JANET M. POLANCO, (J) 80239-038**

CASE NUMBER: **0:00CR06062-001**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __3__ year(s).

See Additional Supervised Release Terms - Page 4

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **JANET M. POLANCO, (J) 80239-038**

CASE NUMBER: 0:00CR06062-001

## ADDITIONAL SUPERVISED RELEASE TERMS

If deported, the defendant shall not reenter the United States without the express permission of the United States Attorney General. The term of supervision shall be non-reporting if the defendant resides outside the United States. If the defendant should reenter the United States within the term of supervised release, she is to report to the nearest United States Probation Officer within 72 hours of her arrival.

If not deported, the defendant shall maintain full-time, legitimate employment and not be unemployed for a term of more than 3 0 days, unless excused by the United States Probation Officer. Further, the defendant shall provide documentation including, but not limited to pay stubs, contractual agreements, W-2 Wage Earnings Statements, and the documents requested by the United States Probation Officer.

The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the United States Probation Officer.

DEFENDANT: **JANET M. POLANCO, (J) 80239-038**
CASE NUMBER: 0:00CR06062-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **Totals:** | $ 100.00 | $ | $ 290,461.70 |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . .   $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ The interest requirement is waived.

  ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☒ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Bank of America (formerly NatinsBank) |  | $39,450.84 |  |
| Bank Atlantic |  | $251,010.86 |  |
| | Totals: $ 290,461.70 | $ 290,461.70 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: **JANET M. POLANCO, (J) 80239-038**

CASE NUMBER: **0:00CR06062-001**

## STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

**OR**

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: **13**

Criminal History Category: **I**

Imprisonment Range: **12 to 1 months**

Supervised Release Range: **3 to 5 years**

Fine Range: $ ___3,000.00___ to $ ___1,000,000.00___

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ ___290,461.70___

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the forseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☒ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

**OR**

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):