RECEIVED
JUL 19 2001

2001 JUL 20 AM 9:05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,
Plaintiff,

Vs.    Case No. 00-6062-CR-FERGUSON

JANET MADURO PALANCO, 80239-038
Defendant.
_____/

## ORDER GRANTING EMERGENCY MOTION TO SET CASE FOR STATUS CONFERENCE OR SENTENCING

THIS MATTER is before the Court on the above-mentioned motion, filed

7/16/01. After consideration and a hearing on such motion, it is

**ORDERED AND ADJUDGED** that the motion is ***GRANTED***. The

defendant's sentence is hereby reduced to **TWO (2) months** of imprisonment with

credit for time served, to be followed by home confinement with electronic

monitoring as a condition of supervised release. All other conditions to the

Judgment in a Criminal Case shall remain in full effect.

**DONE AND ORDERED** at Fort Lauderdale, Florida this 18th day of

July 2001.

Certified to be a true and correct copy of the document
Clarence Maddox

7/19/01

WILKIE D. FERGUSON, JR.,
UNITED STATES DISTRICT JUDGE

Robin Rosenbaum, AUSA, Curt Obront, Esq, U.S. Marshal and U.S. Probation

'01 JUL 31

No further action required by the U.S. Marshals Service.

James A. Tassone
UNITED STATES MARSHAL

John Wallace, A SDUSM

```
       DANPS. 500.00 *           SECURITY/DESIGNATION            *    07-13-2001
       REGNO: 80239-038    NAME: POLANCO, JANET M                         ORG: CMM
RC/SEX/AGE: W/F/34    FORM D/T: 01-22-2001/1547    RES: PAWTUCKET, RI 02860
OFFN/CHG..: MAKING FALSE STATEMENT ON A LOAN APPLICATION
            1 YEAR AND 1 DAY
CUSTODY...: IN          BIL:              CR HX PT: 0
CITIZENSHP:                               PUB SAFETY: ALIEN
CIM CONSID:                                              USM: MIAMI
JUDGE.....: FERGUSON    REC FACL:                    REC PROG:
DETAINER..: NONE        SEVERITY: LOW MOD            LENGTH..: 0-12 MOS    (010)
PRIOR.....: NONE        ESCAPES.: NONE               VIOLENCE: NONE
PRECOMMT..: VOL SURR    V/S DATE: 07-21-2001         V/S LOC.: INSTITUTION
OMDT REF..: YES         SEC TOT.: 0                  SCORED LEV: LOW
CCM RMKS..: SUBJECT INVOLVED IN FRAUD OF $117,819.04; PRIOR PSHYCHOLOGICAL
            COUNSELING; CITZ-VZ; DHN; 00-6062; (LJC)


DESIG: DANBURY FCI-IHP HRG (F)    SER KA   01-24-2001 RSN: LEVEL   MSL:
MGTV/MVED.:
DESIG RMKS: CLEARED BY MED DESIG;REQUIRES AN IHP HEARING-SHORT SENTENCE


G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

— Returned per ccm's office Request. Inmate Rec'd T/S ORDER and was complete with her Sentence.

UNITED STATES MARSHALS SERVICE
PRISONER TRACKING SYSTEM
SOUTHERN FLORIDA
DISTRICT: 4   OFFICE: LAU

INDIVIDUAL CUSTODY AND DETENTION REPORT USM (129)

NAME:  MADURO, JEANET
USMS NUMBER: 80239038

*DAN 1-24*

*Polanco, Janet*

I. IDENTIFICATION DATA:

USMS NBR: 80239038   NAME: MADURO, JEANET

ADDRESS: 9150 S.W.78 ST.   MIAMI, FL 33176   PHONE: 305-595-8651

DOB: 02/06/1967  AGE: 33  POB: CARACAS, VZ   SEX: F  RACE: W  HAIR: BRO  EYE: BLU  HEIGHT: 503  WEIGHT: 145

SSN: 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  FBI NBR:         ALIEN NBR: A04251797

OTHER NUMBER              OTHER NUMBER TYPE
6913070....VZ             PASSPORT NUMBER

*****SPECIAL HANDLING CODE:    SPECIAL HANDLING REMARKS:
MEDICAL                        ASTHMA... NOT ON MEDICATION

ACTIVE DETAINERS:              DETAINER DATE   AGENCY
NONE

PRISONERS ALIASES:             ALIAS REMARKS:
MADURO-POLANCO, JANET          NAME ON WARRANT
POLONCO, JANET
PALANCO, JANET

GENERAL REMARKS:
THE SUBJECT HAS 3 CHILDREN LIVING WITH HER.
LIVED AT 8 HARVEY ST., PAWTUCKET, RI 02860 PHONE#
401-728-0144 PER USM MA

II. CASE INFORMATION:

| CTR | STATUS | COURT CASE NUMBER | FEDERAL COURT CITY |
|---|---|---|---|
| 1 | WT-V/S | 00-6062-CR-FERGUSON | FT LAUDERDALE |

| CTR | JUDGE NAME | US ATTORNEY NAME | DEFENSE ATTORNEY NAME |
|---|---|---|---|
| 1 | FERGUSON, WILKIE | ROSENBAUM, ROBIN | OBRONT, CURT |

| CTR | ARREST DATE | ARRESTING AGENCY | LOCATION OF ARREST | WARRANT NUMBER |
|---|---|---|---|---|
| 1 | 03/21/2000 | U.S. MARSHALS SERVICE | WOR IN FROM MA | 0004-0397-1194-J |

| CTR | OFFENSE | OFFENSE REMARK | DISPOSITION |
|---|---|---|---|
| 1 | (2607) FRAUD - FALSE STATEMENT | FALSE STATEMENTS ON LOAN APPLICATION | GUILTY (PLEA) |

| CTR | SENTENCE DATE | SENTENCE | APPEAL DATE |
|---|---|---|---|
| 1 | 12/15/2000 | SENTENCED TO 1YR AND 1DAY CONF V/S DATE: 7/21/2001 | **/**/**** |

UNITED STATES MARSHALS SERVICE
PRISONER TRACKING SYSTEM
SOUTHERN FLORIDA
DISTRICT: 4    OFFICE: LAU

INDIVIDUAL CUSTODY AND DETENTION REPORT USM (129)

NAME: MADURO, JEANET
USMS NUMBER: 80239038

III. STATUS HISTORY

| CTR | STATUS | STATUS DATE | CUSTODY DATE | RELEASE DATE | REMARK |
|---|---|---|---|---|---|
| 1 | WT-TRIAL | 03/21/2000 | 03/21/2000 | \*\*/\*\*/\*\*\*\* | WOR IN FROM MA |
| 1 | RL-BOND | 05/15/2000 | \*\*/\*\*/\*\*\*\* | 05/15/2000 | ROB 100,000 PSB |
| 1 | WT-V/S | 01/04/2001 | \*\*/\*\*/\*\*\*\* | \*\*/\*\*/\*\*\*\* | V/S DATE: 7/21/2001 |

IV. CHRONOLOGICAL PRISONER HISTORY

| INST CODE | INSTITUTION NAME | ADMIT DATE | RELEASE DATE | DAYS BOARDED | ACTION OR DISPOSITION |
|---|---|---|---|---|---|
| MIM | MDC MIAMI | 03/21/2000 | 05/15/2000 | 55 | WOR IN FROM MA |
| BND | ON BOND | 05/15/2000 | \*\*/\*\*/\*\*\*\* | 1 | |

TOTAL DAYS BOARDED    56

V. MEDICAL EXPENSE HISTORY

| DATE SERVICE PROVIDED | VENDOR | SERVICE PROVIDED |
|---|---|---|
| \*\*/\*\*/\*\*\*\* | | NO MEDICAL SERVICES HAVE BEEN PROVIDED TO THIS PRISONER |

THIS INFORMATION IS THE PROPERTY OF THE U.S. MARSHALS SERVICE AND SHALL NOT
BE PUBLICLY RELEASED OR DISSEMINATED WITHOUT U.S. MARSHALS SERVICE AUTHORITY.

\*\*\*\*\*\* END OF REPORT \*\*\*\*\*\*

# United States District Court

## Southern District of Florida

2001 JAN -3 PM 3:23

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| JANET M. POLANCO, (J) 80239-038 | Case Number: 0:00CR06062-001 |
| | Robin Rosenbaum, AUSA / Curt Obront, Esq |
| **THE DEFENDANT:** | Defendant's Attorney |

☒ pleaded guilty to count(s)   **One of a Five Count Indictment**

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1014 | Making a false statement on a loan application | 01/22/1998 | 1 |

FILED by _____ D.C.

DEC 31 2000

CLARENCE MADDOX

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ The defendant has been found not guilty on count(s)    **N/A**

☒ Count(s)   **All Others**   are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| Defendant's Soc. Sec. No.: | 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 | 12/15/2000 |
|---|---|---|
| Defendant's Date of Birth: | 02/06/1967 | Date of Imposition of Judgment |
| Defendant's USM No.: | 80239-038 | |

Defendant's Residence Address:

**9150 S.W. 78th Street**

Signature of Judicial Officer

**Miami**                   **FL**   **33173**

**WILKIE D. FERGUSON, JR.,**
**UNITED STATES DISTRICT COURT**
Name & Title of Judicial Officer

Defendant's Mailing Address:

**9150 S.W. 78th Street**

12/31/00

**Miami**                   **FL**   **33173**

Date

DEFENDANT: **JANET M. POLANCO, (J) 80239-038**
CASE NUMBER: **0:00CR06062-001**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of _____ **a year and a day**.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ a.m./p.m. on _____
    ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☒ before 2 p.m. on  **07/21/2001**.
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

> Certified to be a true and correct copy of the document on file
> Clarence Maddox, Clerk,
> U.S. District Court
> Southern District of Florida
> By _____ Deputy Clerk
> Date 1/3/01

## RETURN

I have executed this judgment as follows:

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

 

                                         **UNITED STATES MARSHAL**

                        By _____
                                      Deputy U.S. Marshal

DEFENDANT: **JANET M. POLANCO, (J) 80239-038**

CASE NUMBER: 0:00CR06062-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ___3___ **year(s)** .

See Additional Supervised Release Terms - Page   4

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **JANET M. POLANCO, (J) 80239-038**
CASE NUMBER: 0:00CR06062-001

## ADDITIONAL SUPERVISED RELEASE TERMS

**If deported, the defendant shall not reenter the United States without the express permission of the United States Attorney General. The term of supervision shall be non-reporting if the defendant resides outside the United States. If the defendant should reenter the United States within the term of supervised release, she is to report to the nearest United States Probation Officer within 72 hours of her arrival.**

**If not deported, the defendant shall maintain full-time, legitimate employment and not be unemployed for a term of more than 3 0 days, unless excused by the United States Probation Officer. Further, the defendant shall provide documentation including, but not limited to pay stubs, contractual agreements, W-2 Wage Earnings Statements, and the documents requested by the United States Probation Officer.**

**The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the United States Probation Officer.**

DEFENDANT: **JANET M. POLANCO, (J) 80239-038**

CASE NUMBER: **0:00CR06062-001**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ 290,461.70 |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . .  $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ The interest requirement is waived.

   ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☒ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Bank of America (formerly NatinsBank) |  | $39,450.84 |  |
| Bank Atlantic |  | $251,010.86 |  |
| Totals: | $ 290,461.70 | $ 290,461.70 |  |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: **JANET M. POLANCO, (J) 80239-038**
CASE NUMBER: 0:00CR06062-001

# STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

**OR**

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: 13

Criminal History Category: I

Imprisonment Range: 12 to 1 months

Supervised Release Range: 3 to 5 years

Fine Range: $ ___3,000.00___ to $ ___1,000,000.00___

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ ___290,461.70___

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the forseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☒ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

**OR**

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):

No further action required by
the U.S. Marshals Service.

James A. Tassone
UNITED STATES MARSHAL

John Walther ASDUSM